## First Federal Savings and Loan Assn. of Pittsburgh v. Prinkey

*Harvey Zalevsky,* for plaintiff.
*William F. Caruthers,* for defendant.

SCHERER, *J.,* May 29, 1985—This matter comes before the court on preliminary objections of defendants.

In the main, the demurrer by defendant is directed at the inadequacy of plaintiff's adherence to the requirements of §403 of the Act of January 30, 1974, P.L. 13, §403 (41 P.S. §403). Defendants claim the following defects with respect to §403. First, that the complaint fails to clearly and conspicuously state the particular obligation or real estate security interest involved; secondly, that defendant has not received a notice of the legal description of the obligation in question. Further, defendants object that the complaint fails to adequately inform defendants that they are in default of the mortgage as is required by 35 P.S. §1680.430(c)(a), in that the notice fails to specify the amounts due and the breakdown into principal and interest. Defendants also object that the Act 91 notice was defective in that it was not served upon defendants.

Defendants also preliminarily object to the averral in plaintiff's complaint that the amount due and owing to plaintiff includes attorney's fees in the amount of 5 percent. Defendants object and ask that this averral be stricken as being not in conformity with law arguing that the 5 percent attorney's commission is violative of the act, 41 P.S. §401 et seq.

With respect to the objection raised by defendants that the complaint fails to clearly and conspicuously state the particular obligation involved, a rea-

sonable reading of paragraph three of the complaint together with plaintiff's exhibit "A" clearly indicates the nature of the obligation involved.

With respect to the argument that an Act 91 notice requires that plaintiff specify the amounts due and the breakdown into principal and interest, our examination of the act indicates that there is no requirement that such a breakdown occur. The statute merely requires that defendants be apprised of the amount in which the obligation is in default. In addition, the obligee must advise the obligor of various options available for collateral assistance. Again, our examination of the statute, and in particular §1680.403(c)(a), indicates that there is no requirement that there be proof defendant actually was served with the notice. Rather, the act requires that:

"Any mortgagee who desires to foreclose upon a mortgage shall send the such mortgagor at his or her last known address the notice provided in subsection (b) . . ." See also 16 Pa. Code, chapter 40, §40.203.

With respect to the matter of the attorney's fees, a reasonable reading of paragraph nine of plaintiff's complaint together with paragraph 13 of the mortgage makes it clear that the reference in paragraph nine is to the 5 percent commission on the mortgage debt should a foreclosure or an execution take place. Neither Act 6 nor Act 91 deal with the question of the determination of attorney's fees. It is axiomatic that the determination is made when and if execution or foreclosure takes place.

The court will issue the following.

## ORDER OF COURT

And now, this May 29, 1985, defendants' preliminary objections, each and every one of them, are denied. Defendants' motion to strike is denied.